Hon. Frederick R. Clark Chairman Power Authority of the State of New York
This is in response to your letter of February 28, 1978, in which you requested my opinion in regard to payment of an additional sum of money as a consulting fee arising out of a contract with a retired former employee of the Authority.
Section 1004 of the Public Authorities Law grants the trustees of the Power Authority of the State of New York the power to prescribe the compensation of officers and employees. From the information provided, it appears that the trustees authorized payment to a consultant of $250 per day, but with a 100-day per year limitation, later modified by the Civil Service Commission to an annual earnings limitation of $22,000. The consultant apparently accepted this salary arrangement, but voluntarily chose to work a total of 349 1/2 days for the years 1974 and 1975 knowing he would only be paid $44,000, that is, for 176 days at $250 a day for these two years.
Your specific question is whether the trustees may now pay an additional sum of money for the days worked beyond 176. To now pay this consultant additional compensation beyond the amount for which he agreed to work would be to make a payment which the trustees have no authority to make. Section 1005 of the Public Authorities Law, which sets forth the powers and duties of the Authority, does not grant the power to make a gift.
In my opinion, therefore, I conclude that where an agreement has been reached between the trustees of the Power Authority of the State of New York and an individual hired as a consultant for services to be rendered at an agreed amount, and such services have been rendered and agreed amount paid, there is no authority for the trustees to later pay that individual an additional amount for services voluntarily rendered beyond the scope of the agreement.